## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY TALAMONTI, *individually and on* | : | |
| *behalf of all others similarly situated* | : | |
| 143 N. Duke Street | : | Complaint – Class Action |
| Apt. 2F Rear | : | |
| Lancaster, PA 17602 | : | Civil Action No.:_____ |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| LEHIGH VALLEY RESTAURANT | : | |
| GROUP, LLC | : | |
| 6802-A Hamilton Boulevard | : | |
| Allentown, PA 18106 | : | |
| | : | |
| Defendant. | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Emily Talamonti ("Plaintiff"), individually and on behalf of all other similarly situated employees of Lehigh Valley Restaurant Group, LLC ("Defendant"), by and through her counsel, brings this Collective and Class Action Complaint ("Complaint") against Defendant and alleges, upon personal belief as to her and her own acts, and as for all other matters upon information and belief, as follows:

## NATURE OF THE ACTION

1.      This is a class and collective action brought on behalf of "Tipped Employees" who work or have worked for Defendant and have been subjected to the unlawful practices detailed herein.

2.     Upon information and belief, the employment practices complained of herein occurred at all of Defendant's locations and worksites, as Defendant had common ownership and utilized common labor policies and practices at each of their locations and worksites.

3.     This is a collective and class action brought on behalf of Tipped Employees, specifically those working as Servers, who work or have worked at restaurants operating under the trade name "Red Robin" that are (or were) owned, operated, managed, and/or otherwise controlled by Defendant.

4.     Defendant employs individuals as Servers (collectively, "Tipped Employees"), who are and/or were subjected to Defendant's unlawful pay practices.

5.     As Servers, these employees were primarily responsible for serving Defendant's guests at its Red Robin restaurants.

6.     As explained in detail below, Defendant's systematically and willfully failed to pay Plaintiff and Tipped Employees minimum wage and unlawfully took tip credits in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. § 333.100, *et seq*.

7.     As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

8.     As a result of Defendant's improper and willful failure to pay Plaintiff and the members of the Classes in accordance with the requirements of the FLSA and the PMWA, Plaintiff and the members of the Classes have suffered damages.

9.     Plaintiff and the members of the Classes bring this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendant's willful, unlawful, and improper conduct.

2

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

11.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as their federal law claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b) as the Defendant does business in this judicial district and the unlawful practices of which Plaintiff is complaining were committed in this district.

14.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

15.     Plaintiff, Emily Talamonti, is a citizen of the United States and Pennsylvania, where she currently maintains an address at 143 N. Duke Street, Apt. 2F Rear, Lancaster, PA 17602.

16.     Defendant, Lehigh Valley Restaurant Group, Inc., is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 6802-A Hamilton Boulevard, Allentown, PA 18106.

17.     Upon information and belief, Defendant operates approximately twenty (20) Red Robin locations across Central, Northeastern, and Eastern Pennsylvania.

18.     As such, upon information and belief, the employment practices complained of herein occurred at all of Defendant's Red Robin locations as Defendant utilized common labor policies and practices at each of their locations.

19.     At all relevant times during the statutory period covered by this Complaint, Defendant transacted business within the Commonwealth of Pennsylvania, including within this judicial district.

20.     The Red Robin restaurants owned and managed by Defendant operate with a high degree of interrelated and unified operations that share: (1) common management; (2) common employees between locations; (3) common payroll practices; and, (4) common labor policies and practices complained of herein.

21.     Defendant is a "private employer" who engages in interstate commerce and has an annual volume of sales in excess of $500,000 and is therefore covered by the FLSA and the PMWA.

22.     Plaintiff and members of the Classes are/were employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the protections of the FLSA and the PMWA.

23.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## **SUMMARY OF CLAIMS**

24.     Plaintiff brings this action as a collective action to recover unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

25.     In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendant in the Commonwealth of Pennsylvania within the statutory period covered by this Complaint and elect to opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Class").

26.     In addition, Plaintiff bring this action as a state-wide class action to recover unpaid wages pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*

27.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendant in the Commonwealth of Pennsylvania within the statutory period covered by this Complaint (the "PMWA Class").

28.     The FLSA Class and the PMWA Class are hereafter collectively referred to as the "Classes."

29.     Plaintiff alleges on behalf of the FLSA Class that they are: (1) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to pay them mandated minimum wages at the rate of $7.25/hour for all hours worked, as required by law; and, (2) entitled to unpaid wages from Defendant for unlawfully taking a tip credit as a result of an illegal tip pool pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

30.     Plaintiff alleges on behalf of the PMWA Class that they are: (1) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to pay them mandated minimum wages at the rate of $7.25/hour for all hours worked, as required by law; and, (2) entitled to unpaid wages from Defendant for unlawfully taking a tip credit as a result of an illegal tip pool, as required by the PMWA.

## FACTUAL ALLEGATIONS

31.    Paragraphs 1 through 30 are hereby incorporated by reference as though fully set forth at length herein.

32.    Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendant.

33.    Upon information and belief, all of Defendant's locations and worksites are/were operated under uniform policies/procedures applicable to all members of the Classes, including subjecting Tipped Employees to the unlawful pay practices complained of herein.

34.    Upon information and belief, during the statutory period covered by this Complaint, Defendant has employed at least 100 similarly situated individuals who worked in the position of Server, or had similar job duties.

### Plaintiff's Experience Working for Defendant

35.    On or about June 1, 2018, Plaintiff began to work for Defendant as a Server.

36.    Defendant classified Plaintiff's Server position as a tipped employee.

37.    Plaintiff has primarily worked at the Red Robin restaurant located at 2350 Lincoln Highway East, Lancaster, PA 17602.

38.    While working as a Server, Defendant paid Plaintiff $2.83 per hour, plus tips.

39.    Defendant took a tip credit for Plaintiff's wages for all hours worked by Plaintiff as a Server.

40.    Upon information and belief, Defendant took a tip credit for all Servers, and paid them each $2.83 per hour, plus tips.

### Defendant's Mandatory Tip Pool for Servers, Bussers, Hosts & Bartenders

41.    Defendant required all Servers, including Plaintiff, to pool their tips with other employees, including Bussers, Hosts, and Bartenders.

42.    Neither Bussers nor Hosts customarily or regularly received more than $30 a month in tips from customers.

43.    Neither Bussers nor Hosts had more than minimal contact with customers, if at all.

44.    The presence of these Bussers, Hosts, and Bartenders varied depending on the day of the week, the shift, and call-offs by employees.

45.    For at least the entire duration of Plaintiff's employment, Defendant customarily and automatically took out a 3% share of Plaintiff's gross sales on all shifts to add to a tip pool.

46.    Upon information and belief, Defendant similarly took out the same percentage from each of the members of the Classes' gross sales.

47.    That tip pool was divided with one percent (1%) each to the Bartender, Busser, and Host on shift.

48.    This tip pool arrangement was occurring prior to the start of Plaintiff's employment, and despite a merging of the positions of Busser and Hosts in or around August 1, 2023, Defendant still automatically deducts 3% of the gross sales of Plaintiff and members of the Classes to contribute to the tip pool.

49.    On the occasions when there were no Hosts and/or Bussers, Defendant still deducted 3% of gross sales from the wages of Plaintiff and members of the Classes to contribute to the tip pool.

**Defendant Takes a Tip Credit for the Substantial Performance of Preparation and Maintenance Work**

50.    During the time period between in or around January 2022 and January 2024, Plaintiff routinely worked morning shifts.

51.    Plaintiff's morning shifts began at or around 10:30am or 11:00am.

52.    Plaintiff's morning shifts ended at or around 4:00pm

53.    Plaintiff's morning shifts generally lasted approximately five (5) hours to five (5) hours and thirty (30) minutes.

54.    On many of the morning shifts, there was often not a Busser, and Plaintiff had to clean or buss her own tables.

55.    members of the Classes similarly had to clean or buss their own tables.

56.    This was often time-consuming, especially during busy times.

57.    On some of those morning shifts, there was also not a Host present, and so Plaintiff had to seat her tables as well.

58.    Plaintiff and members of the Classes similarly had to seat their own tables.

59.    During Plaintiff's morning shifts, Plaintiff generally spent between approximately thirty (30) minutes and one (1) hour performing preparation work, such as brewing tea, setting up soda machines, setting up cup racks, and placing silverware.

60.    During these morning shifts, Plaintiff generally spent approximately one (1) hour to two (2) hours performing maintenance work, such as cleaning the tables and seats, at the end of her shifts.

61.    Plaintiff generally spent more than twenty (20) percent of her work time during her morning shifts performing preparation and/or maintenance work.

62.    Upon information and belief, members of the Classes similarly spent more than twenty (20) percent of her work time during their morning shifts performing preparation and/or maintenance work.

63.    Plaintiff was paid $2.83 per hour during these times where she performed preparation and/or maintenance work.

64.    Upon information and belief, members of the Classes similarly were paid $2.83 per hour during these times where they performed preparation and/or maintenance work

65.    In or around late 2022 or early 2023, Defendant created a Sidebar position, where a Server would clock in early and get paid as a non-tipped employee above minimum wage and would do some of the preparation duties outlined above.

66.    However, if the Sidebar position was not on the schedule or called off, Defendant would require Plaintiff and members of the Classes to do the preparation work that the Sidebar employee would have performed while clocked in as a tipped employee and making $2.83 per hour.

### Plaintiff and Members of the Classes Question Defendant's Pay Practices

67.    Plaintiff often questioned Defendant's tip pool practices, but was never given a straight answer.

68.    On or about August 3, 2023, Defendant's Corporate Representative, Chip Lichtenwalner  ("Mr. Lichtenwalner"), reached out to employees individually to discuss Defendant's pay practices.

69.    Plaintiff, in addition to several other members of the Classes and employees, asked for a team meeting to address the discount issues, wage and deduction issues, and general treatment of employees.

70.    On or about August 4, 2023, Defendant's Human Resources Representative, Jodie Stetz ("Ms. Stetz"), reached out to Plaintiff and promised to address the problems that were occurring.

71.    Throughout her time with Defendant, Plaintiff often took the lead amongst the members of the Classes, and was generally the one to speak up about Defendant's pay practices.

72.    Between approximately September 2023 and October of 2023, Defendant's new General Manager, Tim Kane ("Mr. Kane"), terminated Hosts and Bussers to save on costs, thus relying on the cheaper work done by Servers.

73.    Upon information and belief, Defendant paid its managers a bonus if they saved on labor costs.

## FACTUAL ALLEGATIONS APPLICABLE TO THE CLASSES

74.    Paragraphs 1 through 73 are hereby incorporated by reference as though fully set forth at length herein.

75.    Plaintiff and members of the Classes did/do not have the authority to formulate, implement, or otherwise deviate from Defendant's pre-established policies or operating practices, but instead performed his job duties subject to specific instructions and/or guidelines provided by Defendant.

76.    As such, the primary job duties of Plaintiff and members of the Classes did/do not include the performance of work requiring advance knowledge and the consistent exercise of discretion and judgment.

77.    Moreover, Plaintiff and members of the Classes did not have the authority to commit Defendant in matters having significant financial impact, nor did he have the authority to negotiate or otherwise bind Defendant with respect to matters of significance.

78.     Accordingly, Plaintiff and members of the Classes did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/PMWA.

79.     The job duties of Plaintiff and members of the Classes did not involve any managerial responsibilities, nor did Plaintiff and members of the Classes have any employees reporting to them or to whom they regularly gave direction.

80.     Furthermore, Plaintiff and members of the Classes did not have the authority to hire or fire other employees, nor did they make any suggestions or recommendations regarding hiring or employee status changes to which Defendant lent significant weight.

81.     Accordingly, Plaintiff and members of the Classes did not qualify for the exemption for executive employees under the FLSA/PMWA.

82.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff and members of the Classes.

83.     As such, Plaintiff and members of the Classes are non-exempt employees and must be paid at least the minimum wage of $7.25 per hour for all hours worked.

84.     Plaintiff and the members of the Classes were had the same or similar job classifications and job duties, and were subject to the same business practices, payroll practices, and operating procedures.

85.     Plaintiff and members of the Classes were not paid minimum wage for all hours worked.

86.     Plaintiff and members of the Classes were part of a mandatory tip pool that included employees who did not customarily and/or regularly receive more than $30 a month in tips.

87.     Plaintiff and members of the Classes were required to contribute 3% of gross sales from their tips to the tip pool.

88.     As such, Defendant should not have taken a tip credit for Plaintiff and members of the Classes.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

89.     Paragraphs 1 through 88 are hereby incorporated by reference as though the same were fully set forth at length herein.

90.     Plaintiff brings this action on behalf of the FLSA Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).

91.     The claims arising under the FLSA may be pursued by those who opt in to this case pursuant to 29 U.S.C. § 216(b).

92.     Plaintiff will request that the Court authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation and liquidated damages under the FLSA.

93.     The members of the Classes may be informed of the pendency of this collective action by direct mail, electronic mail, text message, and/or publication.

94.     Plaintiff also brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and the PMWA Class for claims arising under the PMWA.

95.     The claims arising under the PMWA may be pursued by all similarly situated persons who do not opt out of the PMWA Class pursuant to Federal Rule of Civil Procedure 23.

96.     Upon information and belief, the members of the Classes are so numerous that joinder of all members is impracticable.

97.    While the exact number of the members of the Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, the precise number of members of the Classes can be easily ascertained by Defendant.

98.    The members of the Classes can be identified and located using Defendant's payroll and personnel records.

99.    Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole appropriate.

100.    The claims of Plaintiff are typical of the claims of the Classes he seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same compensation policies and practices.

101.    Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

A.    Whether Defendant accurately tracked and kept records of all hours worked by Plaintiff and the members of the Classes;

B.    Whether Defendant has failed to pay Plaintiff and the members of the Classes at least the minimum wage of $7.25/hour for each hour worked each work week;

C.    Whether Defendant illegally took a tip credit for preparation and/or maintenance work substantially performed by Plaintiff and the members of the Classes; and,

D.    Whether Plaintiff and the members of the Classes are entitled to damages, and if so, the means of measuring damages.

102.    Plaintiff will fairly and adequately protect the interests of the Classes as her interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes he seeks to represent and has retained competent and experienced counsel.

103.    The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

104.    Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

105.    Defendant has violated, and continues to violate, the FLSA.

106.    The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and a willful violation of the PMWA.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**MINIMUM WAGE VIOLATIONS – UNLAWFUL TIP CREDIT PRACTICES**
(FLSA Class v. Defendant)

107.    Paragraphs 1 through 106 are hereby incorporated by reference as though the same were fully set forth at length herein.

108.    At all relevant times, Defendant had gross annual revenues in excess of $500,000.

109.    At all relevant times, Defendant engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

110.    At all relevant times, Plaintiff and each of the members of the FLSA Class were classified as non-exempt employees of Defendant.

111.    At all relevant times, Defendant employed and/or continue to employee Plaintiff and each of the members of the FLSA Class within the meaning of the FLSA.

112.    Unless an exception applies, section 206(a)(1) of the FLSA requires employers to pay non-exempt employees at a rate not less than the minimum wage of $7.25/hour.

113.    The FLSA allows the employer to take a tip credit against the minimum wage for tipped employees, who customarily and regularly receive more than $30 a month in tips, and pay these tipped employees $2.13/hour.  See 29 U.S.C. §§ 203(m)(2)(A), (t).

114.    In 1967, the Department of Labor ("DOL") issued a "Dual Jobs Regulation" which interpreted the tip credit provision of the FLSA to disallow employers from taking a tip credit for the non-tipped work performed by a tipped employee with dual jobs.  See 29 C.F.R. § 531.56(e).

115.    In 1988, the Wage and Hour Division ("WHD") of the DOL issued guidance in its Field Operations Handbook ("FOH") (the "1988 FOH Guidance") which further clarified that "where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.  See also Green v. Perry's Restaurants Ltd., No. 21-cv-0023, 2024 WL 4993356, at *2 (D. Colo. Dec. 5, 2024).

116.    Defendant failed to pay Plaintiff and members of the FLSA Class minimum wage for the time performing preparation and/or maintenance work when such work constituted at least twenty (20) percent of their work time for each work week.

117.    Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and the members of the FLSA Class.

118.    The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

119.    Defendant has violated, and continues to violate, the FLSA.

120.    Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

121.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

122.    Defendant is liable to Plaintiff and the members of the FLSA Class for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and the FLSA Class:

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the statutory period covered by this Complaint in the position of Server and/or in positions with similar job duties, and authorizing FLSA Class counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit if they worked for Defendant

during the statutory period covered by this Complaint but were not paid overtime as required by the FLSA;

C.    Adjudicating and declaring that Defendant' conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendant violated the FLSA by failing to pay the mandated minimum wages to Plaintiff and the FLSA Class for the time performing preparation and/or maintenance work when such work constituted at least twenty (20) percent of their work time for each work week.

E.    Awarding Plaintiff and the FLSA Class back pay wages in an amount consistent with the FLSA;

F.    Awarding Plaintiff and the FLSA Class liquidated damages in accordance with the FLSA;

G.    Awarding Plaintiff and the FLSA Class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.    Granting Plaintiff and the FLSA Class leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and,

J.    An award for all additional general and equitable relief to which Plaintiff and the FLSA Class may be entitled as this Court may deem proper.

## COUNT II
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## MINIMUM WAGE VIOLATIONS – UNLAWFUL TIP POOL PRACTICES
### (FLSA Class v. Defendant)

123.    Paragraphs 1 through 122 are hereby incorporated by reference as though the same were fully set forth at length herein.

124.    At all relevant times, Defendant had gross annual revenues in excess of $500,000.

125.    At all relevant times, Defendant engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

126.    At all relevant times, Plaintiff and each of the members of the FLSA Class were classified as non-exempt employees of Defendant.

127.    At all relevant times, Defendant employed and/or continue to employee Plaintiff and each of the members of the FLSA Class within the meaning of the FLSA.

128.    Unless an exception applies, section 206(a)(1) of the FLSA requires employers to pay non-exempt employees at a rate not less than the minimum wage of $7.25/hour.

129.    The FLSA allows the employer to take a tip credit against the minimum wage for tipped employees, who customarily and regularly receive more than $30 a month in tips, and pay these tipped employees $2.13/hour.  See 29 U.S.C. §§ 203(m)(2)(A), (t).

130.    For the employer to take a tip credit, the employee must retain all tips unless the employee is part of a tip pool among employees who "customarily and regularly receive tips."  See 29 U.S.C. § 203(m)(2)(A); 29 C.F.R. § 531.54(c)(1).

131.    An employer may not take a tip credit where the employee is part of a tip pool that includes employees who do not customarily and/or regularly receive tips.  See id.

132. Pursuant to Defendant's mandatory tip pool, a 3% deduction from the gross sales of Plaintiff and the FLSA Class was taken and contributed to a tip pool with the Bussers, Hosts, and Bartenders.

133. This deduction occurred on every shift, even if there was not a Host or Busser present.

134. Neither Hosts nor Bussers customarily and/or regularly received tips from customers.

135. Neither Bussers nor Hosts had more than minimal contact with customers, if at all.

136. Defendant's inclusion of Bussers and/or Hosts in the mandatory tip pool violated section 203(m)(2)(A) of the FLSA.

137. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

138. Defendant has violated, and continues to violate, the FLSA.

139. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

140. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

141. Defendant is liable to Plaintiff and the members of the FLSA Class for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and the FLSA Class:

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the statutory period covered by this Complaint in the position of Server and/or in positions with similar job duties, and authorizing FLSA Class counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit if they worked for Defendant during the statutory period covered by this Complaint but were not paid overtime as required by the FLSA;

C.      Adjudicating and declaring that Defendant' conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by unlawfully taking a tip credit for Plaintiff and the FLSA Class;

E.      Awarding Plaintiff and the FLSA Class back pay wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and the FLSA Class liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff and the FLSA Class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the FLSA Class leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and,

J.      An award for all additional general and equitable relief to which Plaintiff and the FLSA Class may be entitled as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.101,** *et seq.*
**MINIMUM WAGE VIOLATIONS – UNLAWFUL TIP CREDIT PRACTICES**
(PMWA Class v. Defendant)

142.    Paragraphs 1 through 141 are incorporated by reference as though the same were set forth at length herein.

143.    Unless an exception applies, the PMWA provides that an employer must pay at least the minimum wage set by the FLSA, $7.25 per hour, to its non-exempt employees.  See 43 P.S. § 333.104.

144.    Plaintiff and the members of the PMWA Class were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things as described above, the fact that they regularly reported to and received directives from Defendant's Red Robin restaurants located in Pennsylvania, were supervised and subject to decision-making concerning the terms and conditions of their employment by Defendant's Pennsylvania-based management, and worked for Defendant in Pennsylvania.

145.    Defendant classified Plaintiff and the members of the PMWA Class as non-exempt employees as defined by the PMWA.

146.    The Pennsylvania Department of Labor and Industry ("DLI") issued a regulation, effective August 5, 2022, that adopted the 80/20 rule of the FLSA in effect as of May 7, 2022.  <u>See</u> 34 Pa. Code § 231.111.

147.    Defendant failed to pay Plaintiff and members of the PMWA Class minimum wage for the time performing preparation and/or maintenance work when such work constituted at least twenty (20) percent of their work time for each work week.

148.    Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and the members of the PMWA Class.

149.    The foregoing actions of Defendant and the policies and practices of Defendant violate the PMWA.

150.    Defendant has violated, and continues to violate, the PMWA.

151.    As a result of Defendant' unlawful acts, Plaintiff and the members of the PMWA Class have been deprived of compensation in an amount to be determined at trial, and are entitled to recovery of such amount, together with interest, costs, and attorneys' fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and the PMWA Class:

A.    An award to Plaintiff and the PMWA Class for the amount of unpaid minimum wages to which they are entitled, including interest thereon, and penalties subject to proof, pursuant to the PMWA;

B.    An award to Plaintiff and the PMWA Class of reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the PMWA;

C.      Awarding pre- and post-judgment interest and court costs as further allowed by law; and,

D.      An award to Plaintiff and the PMWA Class for all additional general and equitable relief to which they may be entitled as this Court may deem proper.

**COUNT IV**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 Pa. Stat. § 333, *et seq.***
**MINIMUM WAGE VIOLATIONS – UNLAWFUL TIP POOL PRACTICES**
(PMWA Class v. Defendant)

152.    Paragraphs 1 through 151 are incorporated by reference as though the same were set forth at length herein.

153.    Unless an exception applies, the PMWA provides that an employer must pay at least the minimum wage set by the FLSA, $7.25 per hour, to its non-exempt employees.  See 43 P.S. § 333.104.

154.    Plaintiff and the members of the PMWA Class were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things as described above, the fact that they regularly reported to and received directives from Defendant's Red Robin restaurants located in Pennsylvania, were supervised and subject to decision-making concerning the terms and conditions of their employment by Defendant's Pennsylvania-based management, and worked for Defendant in Pennsylvania.

155.    Defendant classified Plaintiff and the members of the PMWA Class as non-exempt employees as defined by the PMWA.

156.    The Pennsylvania Department of Labor and Industry ("DLI") issued a regulation, effective August 5, 2022, that adopted the tip pool regulations of the FLSA in effect as of May 7, 2022.  See 34 Pa. Code § 231.112; see also 29 C.F.R. § 531.54(c)(1).

157.    An employer may not take a tip credit where the employee is part of a tip pool that includes employees who do not customarily and/or regularly receive tips.  See id.

158.    Pursuant to Defendant's mandatory tip pool, a 3% deduction from the gross sales of Plaintiff and the FLSA Class was taken and contributed to a tip pool with the Bussers, Hosts, and Bartenders.

159.    This deduction occurred on every shift, even if there was not a Host or Busser present.

160.    Neither Hosts nor Bussers customarily and/or regularly received tips from customers.

161.    Neither Bussers nor Hosts had more than minimal contact with customers, if at all.

162.    Defendant's inclusion of Bussers and/or Hosts in the mandatory tip pool violated the PMWA and the DLI's implementing regulations.  See 34 Pa. Code § 231.112; see also 29 C.F.R. § 531.54(c)(1).

163.    The foregoing actions of Defendant and the policies and practices of Defendant violate the PMWA.

164.    Defendant has violated, and continues to violate, the PMWA.

165.    As a result of Defendant' unlawful acts, Plaintiff and the members of the PMWA Class have been deprived of compensation in an amount to be determined at trial, and are entitled to recovery of such amount, together with interest, costs, and attorneys' fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and the PMWA Class:

   A.  An award to Plaintiff and the PMWA Class for the amount of unpaid minimum wages to which they are entitled, including interest thereon, and penalties subject to proof, pursuant to the PMWA;

   B.  An award to Plaintiff and the PMWA Class of reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the PMWA;

   C.  Awarding pre- and post-judgment interest and court costs as further allowed by law; and,

   D.  An award to Plaintiff and the PMWA Class for all additional general and equitable relief to which they may be entitled as this Court may deem proper.

**JURY DEMAND**

166. Plaintiff hereby demands a trial by jury as to all issues so triable.

       Respectfully submitted,

       **MARZZACCO NIVEN & ASSOCIATES**

   By:  /s/ *Benjamin Salvina*
       Benjamin Salvina, Esq.
       945 East Park Drive, Suite 103
       Harrisburg, PA 17111
       TEL: 717-231-1640
       FAX: 717-231-1650
       bsalvina@klnivenlaw.com
       *Attorney for Plaintiff*

Dated: January 6, 2025

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the members' of the Classes employment, to their potential claims and their claims to damages, to any defenses to same, including but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, emails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.